UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:18-CV-22025-MORENO/LOUIS

GRAYLIN KELLY, JR.

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** comes before the Court by Petitioner Graylin Kelly, Jr.'s Petition for Habeas Corpus Under 28 U.S.C. § 2241 or 28 U.S.C. § 2255 (ECF No. 1). This matter is referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Federico A. Moreno, United States District Judge for all pretrial matters (ECF No. 7). Response by Warden of F.D.C.–Miami was ordered, (ECF No. 8), to which the Government timely complied (ECF No. 9). The Court has carefully reviewed the Parties' submissions and is otherwise duly advised in the premises. Upon consideration, the undersigned respectfully recommends that the Petition be **DENIED**.

    **I.**    **PROCEDURAL POSTURE**

Petitioner was charged by way of indictment with eight counts of Robbery Affecting Commerce ("Hobbs Act Robbery"), in violation of 18 U.S.C. § 1951(a); eight counts of possessing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and one count

1

of conspiring to commit Hobbs Act Robbery (CRDE 1).[1] Petitioner Kelly ultimately entered a plea of guilty, pursuant to a written plea agreement, to counts 3 and 5, which charged him with possessing a firearm in furtherance of a crime of violence. As part of the plea agreement, the United States agreed to dismiss the remaining counts after sentencing (CRDE 44). Both counts to which Petitioner pled guilty carried mandatory minimum terms of imprisonment, to run consecutive to any other term of imprisonment imposed. This Court sentenced Petitioner on October 29, 2012 to the respective mandatory minimum terms of imprisonment of seven years as to Count 3, and 25 years as to Count 5, to run consecutive to Count 3; as well as a five-year period of supervised release (ECF No. 1–1 at 4; CRDE 91; CRDE 128:9–10).

Petitioner was also charged by the State of Florida for the July 19, 2011 armed robbery of a Chevron gas station in Miramar, Florida. Petitioner plead no contest in that case on April 5, 2013 and was sentenced pursuant to an agreement with the State that his 20-year sentence would run concurrently with the federal sentence (ECF No. 1-1:53-65). Pursuant to the plea agreement, the state court sentenced Kelly to 20–years imprisonment, to be served concurrently with his 32–year federal sentence.

Kelly was then held in state custody by the Florida Department of Corrections ("DOC") until April 16, 2018, when a state court resentenced Kelly to five years imprisonment and ordered that he be given 793 days credit for time served in custody prior to the imposition of his sentence. He was then transferred to FDC–Miami (ECF No. 1-1:79-82).

While incarcerated at FDC–Miami in the Southern District of Florida, Petitioner, through counsel, moved the district court to amend/correct his judgment (CRDE 129). The Court denied

---

[1] Citations to pleadings in this habeas proceeding will be to ECF No. followed by the appropriate docket entry number, while docket entries in Case No. 12-20367-CR-MORENO, Kelly's underlying federal criminal case, will be referred by "CRDE" and docket entry number.

the motion for lack of jurisdiction (CRDE 131). Petitioner then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 or alternatively under 28 U.S.C. § 2255 on May 21, 2018, requesting that time spent in state custody, since July 21, 2011, be credited to his federal sentence (ECF No. 1).

## II.     BACKGROUND FACTS

Petitioner was indicted on May 17, 2012, in a seventeen-count indictment, alleging multiple armed robberies that took place within the Miami, Florida area between July 9, 2011 and July 20, 2011. As part of a negotiated agreement with the United States, Petitioner pled guilty to two violations of 18 U.S.C. § 924(c)(1)(A)(ii) for possessing a firearm in furtherance of a crime of violence. The indictment charged Petitioner and a co-defendant with robbing a coin-laundry facility, a Metro PCS store, a Subway restaurant, a BP gas station, a Chevron gas station, a Payless shoe store, and a second Metro PCS store, and using and brandishing a firearm in furtherance of those robberies (CRDE 1).

The Government's factual proffer described the evidence that would have proven Petitioner's commission of the two robberies to which he agreed to plead guilty (CRDE 44). The first occurred at a coin–laundry facility located in Miami Shores, Florida on July 9, 2011 and the other at a Metro PCS Store in Miami-Dade County, Florida on July 12, 2011 (*id.*). In the first robbery, Petitioner and the co-defendant entered the laundry facility and Petitioner asked the employee who was present for change for a $100 bill (*id.*). The co-defendant then pointed a black firearm at the employee and Petitioner took money from the cash register before both men fled (*id.*). The second robbery presented similar facts, with the exception that both defendants carried a firearm, and pointed it at the store manager (*id.*). Because violations of § 924(c)(1)(A)(ii) involved brandishing of the firearms, the convictions for Counts 3 and 5 imposed minimum terms

of imprisonment of seven and twenty-five years, respectively, and consecutively, for a total term of imprisonment of 32-years.

At Petitioner's sentencing hearing, the Government recommended that the Court impose the mandatory minimum sentence of 32-years, but not more. The Court adopted the recommendation of the parties, despite expressing reservation that the mandatory minimum was sufficient,[2] and imposed consecutive terms of seven and twenty–five years. After the Court had imposed its sentence, counsel for Petitioner asked the Court to credit Petitioner for time served, from the time of his arrest by state authorities on July 21, 2011. The Court responded:

> Well technically it's an executive function. I have no authority to do that. The credit time served is done by the executive branch, the Bureau of Prisons, but we'll put in the Judgment and Commitment Order that the time should be counted from July 21st, 2011, but it's up to them. If they don't do it, you can always go through the administrative procedures and eventually come to court.

Consistent with the Court's statements at the hearing, the Judgment and Commitment Order states "Defendant is to receive credit time served in state custody since 7/21/2011 arrest." Pet. Exh. 1 (ECF No. 1–1:4).

On April 5, 2013, five months after his federal sentencing, Judge Ilona Holmes, Circuit Court Judge for the 17th Circuit of Florida, sentenced Petitioner for a robbery occurring at a Chevron gas station on July 19, 2011. The state court imposed a sentence of 20 years imprisonment, ordering that it run concurrent to this Court's sentence. At the sentencing hearing, Petitioner asked the state court judge to have him transported immediately back to federal custody,

---

[2] At the sentencing hearing, this Court observed that the sentencing factors would have supported a much higher sentence, explaining "I'm not so sure I agree that 3553(a) would not allow or even dictate or certainly suggest a sentence much higher than the guidelines, but I understand based upon the plea negotiations what you're saying, because, frankly, I think a life sentence consecutive would be reasonable." Pet. Exh. 3 (ECF No. 1-1:31). Co-Defendant Sherond Duron King, Jr. was sentenced to 1,062 months following his conviction at trial, a sentence affirmed by the Eleventh Circuit notwithstanding King's challenge to the disparity between his sentence and Petitioner's, who the Court observed "received only a 384-month sentence." *United States v. King*, 751 F.3d 1268, 1281 (11th Cir. 2014).

to which the judge responded, "I can't tell the federal government to do that, they're immune to my court order." Pet. Exh. 4 (ECF No. 1-1:68).

Florida Department of Corrections took custody of Petitioner and confined him in state prison to serve 20-years of the state sentence first. Petitioner moved, through counsel, in state court to correct his state court sentence in January of 2018, on the grounds that the state sentence should be vacated so that he may serve his federal sentence. On April 16, 2018, Petitioner entered a negotiated plea agreement for time served on the state charge and was transferred to federal custody to serve his federal judgment. Five years after being sentenced originally by the state court judge, Petitioner brought this petition pursuant to 28 U.S.C. § 2241 or alternatively 28 U.S.C. § 2255.

### III. DISCUSSION

Petitioner moves for habeas relief pursuant to 28 U.S.C. § 2241 or alternatively § 2255. The Motion, which does not include a memorandum law as required by the Local Rules,[3] offers no argument, citation to authority, or explanation for his assertion that either or both of these statutes afford him the relief sought. In the final paragraph, Petitioner summarizes his argument: "To prevent a manifest injustice and miscarriage of justice, and to not allow state DOC and BOP to determine whether a judgment and sentence is consecutive or not, this Court should fashion a remedy correcting Kelly's judgment to account for all credit time served." Compl. (ECF. No. 1). Section 2241 allows a prisoner to challenge the execution of his/her sentence while Section 2255 allows a prisoner to challenge the validity of his/her sentence. Petitioner is not entitled to the relief sought under either provision, which are considered in turn.

---

[3] Local Rule 7.1(a)(1) requires every motion filed – except those enumerated – to incorporate a memorandum of law citing supporting authorities.

### A. Petitioner's 28 U.S.C. § 2241 Claim

28 U.S.C. § 2241 allows a prisoner confined in a prison of the United States to challenge the execution of his confinement. An action under Section 2241 is the proper vehicle to challenge the execution of a sentence, rather than the validity of the sentence itself, which would be cognizable under Section 2255. *Mills v. United States*, No. 11-CR-20287-MORENO, 2015 WL 9450802, at *1 (S.D. Fla. Dec. 11, 2015), *report and recommendation adopted*, No. 24502-CIV, 2015 WL 9460564 (S.D. Fla. Dec. 22, 2015).

Petitioner claims that it is a "manifest injustice" to not credit his time served in state prison against his federal sentence imposed by the Court. Petitioner relies on the Court's statements at sentencing to support his argument that the sentence should be corrected because that is what the Court intended—to run his sentence concurrently with any state sentence; and similarly, comments by the sentencing state court judge that he should serve his state court sentence concurrently with the sentence which had at that time been imposed by this Court. He also avers that the conduct in the later sentenced state case was considered as relevant conduct taken into account in this Court's sentencing decision. Respondent disputes Petitioner's averment that the relevant conduct on which he was here sentenced included the Broward state crimes. Even so, the Government contends that it is the Attorney General, acting through the Bureau of Prisons, who is authorized and required to determine whether Petitioner is to receive credit for time served; not the courts.

Indeed it is the Attorney General, through the BOP, and not the district courts, who is authorized, under 18 U.S.C. § 3585(b), to compute sentence credit awards after sentencing. *United States v. Berrio*, 428 F. App'x 944, 944 (11th Cir. 2011) (citing *Dawson v. Scott*, 50 F.3d 884, 889 (11th Cir. 1995)). The Supreme Court held in *United States v. Wilson* that the Attorney General has no choice but to make the determination of credit for time served as an administrative matter

when imprisoning a defendant because the district court cannot determine the amount of the credit at sentencing. 503 U.S. 329, 335 (1992). In *Wilson*, the district court considered whether the defendant should receive credit for time served during his pre-sentence state custody. *Id.* at 331. The defendant was held in state custody pending both federal and state charges. *See id.* Like here, the federal sentence was imposed before the state sentence. *Id.* The Supreme Court ultimately held that it was the Attorney General, not the district court, who determines credit for time served because otherwise would require the federal judge to speculate as to what the state judge may or may not do. *Id.* Consistent with this Court statements at Petitioner's sentencing, it was not within the Court's discretion to order that Petitioner be credited for time served in state custody, because "it's an executive function." Pet. Exh. 3 (ECF No. 1–1:47).

To the extent Petitioner now challenges the BOP performance of that executive function, his petition may be denied for failure to first seek administrative remedies. Prior to bringing a § 2241 claim, a petitioner must exhaust all administrative remedies before seeking leave of the court because calculation of time served is an executive administrative function calculated by the Bureau of Prisons. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 471-75 (11th Cir. 2015); *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989) ("a federal prisoner dissatisfied with the computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence."). While the failure to exhaust is not a jurisdictional issue that divests the Court of the power to reach the merits of the case, it warrants denial of the Petition. *Santiago-Lugo*, 785 F.3d at 475 ("The exhaustion requirement is still a requirement; it's just not a jurisdictional one. What its non-jurisdictional nature means is that a court need not inquire into exhaustion on its own."). Respondent here has raised Petitioner's failure to exhaust, providing both an explanation of the available procedures and testimony that Petitioner

has not pursued them.

The administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10-542.19, Program Statement 1330.16. To properly exhaust administrative remedies, Petitioner must first seek resolution of the issues through informal grievance to institution staff. 28 C.F.R. § 542.13(a). If unsuccessful, Petitioner may then submit a formal written Administrative Remedy Request, using a BP-9 form, to the Warden of the institution within 20 days of the date on which the basis for his request occurred. *Id*. § 542.14(a). Next, if dissatisfied with the warden's response to the BP-9, Petitioner can appeal to the BOP Regional Director within 20 days of the response, using the form BP-10 response, Petitioner can further appeal by filing a grievance using a BP-11 form with the BOP General Counsel within 30 days of the Regional Director's signed response. *Id*. The appeal to the General Counsel is the final step in the Administrative Remedy Program. *Id*. Administrative remedies have not been exhausted until the claim has been filed at all levels and has been denied at all levels. *See* 28 C.F.R. § 542.10.

The Petition is silent with respect to any efforts he made to avail himself of administrative remedies. Respondent attached to his Response the sworn affidavit of Maria Syed, a Paralegal at the Consolidated Legal Center in Miami, Florida. Resp. Exh. 1 (ECF No. 9–2:5). In her affidavit, Ms. Syed states that she has access to the records maintained by the Bureau of Prisons, including its computerized database, SENTRY. She explains that SENTRY contains records of all administrative remedies filed by inmates incarcerated with the Bureau (*id.*). She states that she has reviewed Petitioner's administrative–remedy records which shows that he has not filed any administrative remedies with the Bureau. Petitioner had advanced no evidence to contradict the Government's proof that he did not first exhaust administrative remedies. Because Petitioner filed this district court case prior to fully exhausting his administrative remedies, the petition should be

denied. *Bromfield v. Dobbs*, No. 18-CV-22618-SCOLA, 2019 WL 404048, at *3 (S.D. Fla. Jan. 16, 2019), *report and recommendation adopted*, No. 18-22618-CIV, 2019 WL 399899 (S.D. Fla. Jan. 31, 2019).

Therefore, I recommend that the Petition, to the extent it is based on § 2241, be **DENIED**.

### B. Petitioner's 28 U.S.C. § 2255 Claim

Petitioner's brief moves "alternatively" pursuant to 28 U.S.C. § 2255. In the brief there is no differentiation between what arguments or facts he claims support his § 2241 claim or alternatively the § 2255 claim. The claim fairs no better under § 2255.

Section 2255 authorizes a prisoner to move a sentencing court to vacate, set aside, or correct a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A sentence is otherwise subject to collateral attack if there is an error constituting a fundamental defect which inherently results in a complete miscarriage of justice." *Martel v. United States*, No. 16-CV-20130, 2017 WL 1289315, at *6 (S.D. Fla. Feb. 27, 2017), *report and recommendation adopted*, No. 16-20130-CIV, 2017 WL 1292927 (S.D. Fla. Apr. 5, 2017), and *objections overruled*, No. 16-20130-CIV, 2017 WL 3912346 (S.D. Fla. Sept. 6, 2017), *appeal dismissed*, No. 17-14918-F, 2017 WL 7361749 (11th Cir. Dec. 18, 2017) (citing *U.S. v. Addonizio*, 442 U.S. 178, 185 (1979)) (internal quotations omitted)).

To the extent Petitioner now argues that the sentence imposed by this Court was not legal because in practice, he has not served it concurrently with the state court sentence, his argument is foreclosed by the Supreme Court's holding in *United States v. Gonzales*, 520 U.S. 1, 11 (1997). The plain language of § 924(c), through which Petitioner was convicted, states that "no term of

imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person . . ." 18 U.S.C. § 924(c)(1)(D)(ii). The Supreme Court held in *Gonzales* that the plain language of the statute prohibits a court from directing a sentence imposed thereunder from running concurrently with *any other term of imprisonment*, which includes both state and federal sentences. *See Gonzales*, 520 U.S. at 11 ("[W]e hold that the plain language of 18 U.S.C. § 924(c) forbids a federal district court to direct that a term of imprisonment under that statute run concurrently with any other term of imprisonment, whether state or federal."). Because the statute prohibits the relief he now seeks—that is, an order directing the BOP to consider Petitioner's sentence to have run concurrent to that served on the state sentence, the writ should be denied.

Therefore, I recommend that Petitioner's writ for habeas corpus be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the Parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the Parties from de novo determination by the District Judge of any factual or legal issue covered in the Report and shall bar the Parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of December, 2019.

LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE