UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-22025-CIV-MORENO

GRAYLIN KELLY, JR.,

    Petitioner,

vs.

UNITED STATES OF AMERICA and
WARDEN LINDA T MCGREW,

    Respondents.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

THE MATTER was referred to the Honorable Lauren F. Louis, United States Magistrate Judge, for a Report and Recommendation on Petitioner's Petition for Writ of Habeas Corpus Under 28 US.C. § 2241 or 28 U.S.C. § 2255, filed on **May 21, 2018**. The Magistrate Judge filed a Report and Recommendation **(D.E. 10)** on **December 18, 2019**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues presented in the Magistrate Judge's Report and Recommendation. The Court notes that no objections have been filed and the time for doing so has now passed. Being otherwise fully advised in the premises, it is

**ADJUDGED** that Magistrate Judge Louis's Report and Recommendation is **AFFIRMED** and **ADOPTED**, and thus, the Petition for Writ of Habeas Corpus is **DENIED**. Petitioner first moves for habeas relief under 28 U.S.C. § 2241, which authorizes a prisoner to challenge the execution of his or her confinement. The crux of Petitioner's claim is that the Court "should fashion a remedy correcting [his] judgment [imposed by the Court] to account for all credit time served." His argument, however, is misplaced. It is the Attorney General, not the courts, who is

authorized under 18 U.S.C. § 3585(b) to compute sentence credit awards after a defendant begins to serve his or her sentence. *United States v. Wilson*, 503 U.S. 329, 333-36 (1992); *United States v. Berrio*, 428 F. App'x 944, 944 (11th Cir. 2011). Furthermore, and in any event, "[a] prisoner seeking credit against his sentence for time in custody must exhaust BOP administrative remedies, or else the district court has no jurisdiction to hear his claims." *Jaimes v. United States*, 168 F. App'x 356, 358 (11th Cir. 2006). Here, the petition is silent as to whether the Petitioner has exhausted all administrative remedies in the Bureau of Prisons. In fact, the respondent has supplied evidence to the contrary. Accordingly, the petition is denied on this basis, as well. *See id.* at 359.

Second, Petitioner seeks relief under 28 U.S.C. § 2255, which authorizes a prisoner to move a sentencing court to "vacate, set aside, or correct" a federal sentence where, among other things, "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). It appears that Petitioner is attacking the legality of his sentence by challenging the fact that it was not imposed concurrently with the state sentence. His argument fails, as the plain language of 18 U.S.C.§ 924(c), through which he was convicted,[1] states that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person." 18 U.S.C. § 924(c)(1)(D)(ii). The Supreme Court has explained that the plain language of this statute "forbids a federal district court to direct that a term of imprisonment under that statute run concurrently with any other term of imprisonment, whether state or federal." *United States v. Gonzales*, 520 U.S. 1, 11 (1997).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st of January 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner pled guilty, pursuant to a written plea agreement, to counts three and five of the Indictment, which charged him for possessing a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A).

2

Copies furnished to:

United States Magistrate Judge Lauren F. Louis

Counsel of Record